**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| NATHANIEL RUSSELL, ) | |
| ) | CIVIL ACTION |
| PLAINTIFF, ) | FILE NO. |
| ) | Jury Trial Demanded |
| ) | |
| V. ) | |
| ) | |
| AF GROUP AND EMERGENT ) | |
| HOLDINGS, INC., ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF NATHANIEL RUSSELL'S COMPLAINT**

COMES NOW, Plaintiff Nathaniel Russell who files his Complaint against Defendants AF Group and Emergent Holdings, Inc. (hereafter collectively and individually "Defendant") and alleges as follows:

### I.   Nature of Complaint

1.

Plaintiff seeks to recover unpaid work time, unpaid overtime, liquidated damages and attorney's fees and costs for all hours worked in excess of 40 hours in a single workweek which lack of payments are alleged violations of the Fair Labor Standards Act, 29 U.S.C. Secs. 203, et. seq. (hereafter "FLSA").

## II.     JURISDICTION AND VENUE

2.

This Court has original jurisdiction over cases brought to recover unpaid overtime pursuant to the FLSA which provides, inter alia, that "[a]n action to recover ... may be maintained ... in any Federal or State court of competent jurisdiction," 29 U. S. C. §216(b).

3.

Plaintiff resides at 1485 Independence Trail, Cumming, Georgia 30040, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

4.

Plaintiff has been employed by Emergent Holdings from July 2019 to March 2020, at his home office at 1485 Independence Trail, Cumming, Georgia 30040, and worked throughout the State of Georgia as his territory, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

5.

Plaintiff alleges violations of the FLSA in that (1) he was not paid for all time worked, (2) he was not paid overtime for work performed in excess of 40

hours in a single work week during parts of his employment, and alleges that these violations of the FLSA occurred throughout Georgia and his home office of at 1485 Independence Trail, Cumming, Georgia 30040, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

6.

A substantial part of the alleged actions and omissions that give rise to Plaintiff's FLSA claims against Defendant are alleged to have occurred within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division, such that venue in this Court is proper pursuant to 28 U.S.C. Sec. 1367.

### III.   PARTIES AND FACTS

7.

Plaintiff was employed by Defendant from July 2019 until March 20, 2020, within the meaning of the FLSA, 29 U.S.C. sec. 203(e).

8.

During the dates alleged in paragraph 7 of this Complaint, Plaintiff was an employee of Defendant, who was an employer engaged in interstate commerce within the meaning of 29 U.S.C. Sec. 207 (a).

9.

Plaintiff was paid a salary as a Premium Auditor.

10.

Plaintiff was not paid overtime in his position as a Premium Auditor.

11.

During his employment, Plaintiff was entitled to overtime pay at a rate of 1 ½ times his Regular Rate of pay for hours in excess of 40 hours in a single work week.

12.

The principal job duty of Premium Audit Consultant (hereafter "PA") was to travel to businesses insured by insurance companies who are clients of AF Group. Once at the site, the PAs conduct an audit of the insured's payroll and other business records. For example, PAs confirm and record the insured's number of employees, gross payroll, business organization, and the job classifications of the insured's employees.

13.

To fulfill their job duties, PAs travel to the location of the businesses to be audited. PAs do not report to a centralized work location either before arriving at their first work site or at the conclusion of their last site visit. In lieu of a physical

office, AF Group gives PAs tools that allow them to work from home, including a laptop computer.

14.

Before leaving for their first audit of the day, PAs use their laptop computer to check work assignments and to review work-related email. Additionally, PAs are required to schedule their own audits, coordinate the rescheduling of audits, and perform other administrative functions associated with their work. This administrative work is often done in the morning before the PA leaves for their first audit.

15.

PAs input audit data into their laptop during their on-site visit. The PA then completes the audit at home and submits an electronic report to Defendant for each insured they visit during their workday. The report reflects the time that the PA visited a particular insured. Defendant uses these reports to bill the client-insurance company. These reports are also used to calculate the PA's hourly pay.

16.

To accomplish their quota of audits, Plaintiff and other PAs may be required to drive to several businesses per day, which may be spread across metropolitan areas or large rural areas within the State of Georgia.

17.

Even though Plaintiff and other PAs worked more than forty hours per week, AF Group failed to pay Plaintiff and its other PA workers for all the time that they work.

18.

PAs are instructed that they are not entitled to overtime compensation.

19.

Plaintiff and other PAs have been denied overtime compensation, even when they worked in excess of forty hours per week.

20.

PAs do not sell or offer products to the businesses they visit nor do they negotiate the terms of the insurance policy at issue with the businesses being audited. PAs merely obtain the information necessary to ensure that the information provided by that insured to its insurance carrier is accurate.

21.

Plaintiff was paid on a salary basis and did not receive commissions.

22.

Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff's primary duty was not managing the

enterprise or managing a customarily recognized department or subdivision of the enterprise.

23.

Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff did not customarily and regularly direct the work of at least two other full-time employees or the equivalent.

24.

Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff did not have the authority to hire or fire other employees or have his suggestions and recommendations regarding the hiring, firing, advancement, promotion, or any other change in status of other employees be given particular weight.

25.

PAs are not required to have an academic degree in a filed directly related to the employee's occupation.

26.

PAs are not required to be licensed Certified Public Accountants by Defendant.

27.

PA's primary duty is not to perform work requiring advanced accounting knowledge.

28.

PA's primary duty is not to exercise discretion and independent judgment of an accounting professional.

29.

PAs are not exempt from the overtime requirement of the FLSA as a learned professional.

30.

PA's primary duty is not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employers' customers'.

31.

PAs do not have discretion to flunk or reject or deny a customer's audit or premium.

32.

PAs do not have discretion to declare that an audit is complete. PAs can only report that the audit is incomplete and identify the information needed.

33.

PAs do not have discretion to change a premium based on audit.

34.

PAs may only make suggestions to their supervisor about the results of an audit.

35.

The PAs authority and discretion is limited in many ways including:

- Governing Class Code changes must be referred to the PA's Premium Audit Manager;
- Audit reconciliation Variances of 5% or more must be referred to manager;
- Exclusion of Independent Contractor in excess of $50,000 must be referred to manager;
- Expenses. Management approval needed for total daily meals over $40.00. Management approval needed for daily hotel stay over $110.00.;
- Car /Repairs. All repairs require management approval.;
- Email notification to management for total actual payroll that varies 50% (plus/minus) from estimates.;
- Audit method changes require management approval.;
- Refer to management any classification on referral operations. "Underwriting Referral Required: Amusement Parks, carnivals, circuses
Asbestos operations that manufacture, mine, refine, process, distribute, install, remove, or encapsulate Blasting operations Buildings or structure shoring, underpinning, or moving Commercial airlines, personnel on duty and in flight Demolition of buildings or structures over two stories Dioxin or polychlorined biphenols exposures

> Dock or wharf operations (not related to a marina operation), including pile driving, shaft sinking, stevedoring, dredging, diving
> Electric power line construction or COOP Firefighters (except municipalities)
> Fireworks, fuses, propellant charges, detonation devices, or explosive substances manufacturing, importing, loading, transporting, or storing
> Foundries
> Gas and oil drilling operations - on or off shore Grain elevator operations
> Hazmat operations
> Jones Act, Defense Base Act, Outer Continental Shelf Lands Act
> Nuclear or radioactive materials operations (use, handling, or transportation) except for radium compounds, radioisotopes for medical or industrial use, or particle accelerators for industrial or educational use
> Oil or gas pipeline Poultry processing
> Professional Employer Organizations (PEOs) Professional sports teams
> Railway operations except sidetrack agreements Ship building, repair, or conversion
> Slaughtering operations Temporary employment services Tunneling Underground mining."

36.

PA's primary duty does not include the exercise of discretion and independent judgment with respect to matters of significance.

37.

PAs are not exempt from the overtime requirements of the FLSA under the Administrative Exemption.

38.

AF Group does not accurately record or keep the time PAs work, but instead only tracks the time PAs spend at the insured's facility.

39.

PAs are commonly unable to complete their required quota of audits and satisfactorily perform their job duties without working in excess of forty hours per week. Defendant knew or had reason to know that PAs worked overtime.

40.

The net effect of AF Group's policy and practice instituted and approved by company managers is that AF Group willfully fails to pay overtime compensation and willfully fails to keep accurate time records to save payroll costs. Defendant enjoys ill-gained profits at the expense of its employees.

**COUNT I**
**VIOLATIONS OF THE FLSA**

41.

Plaintiff reasserts and re-alleges the allegations set forth above.

42.

At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

43.

The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

44.

AF Group is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

45.

AF Group violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, AF Group has also willfully failed to keep accurate records of all hours worked by its employees.

46.

Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or PAs.

47.

Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all PAs employed by Information Providers. Upon information and belief, Defendant has applied this uniform policy to all PAs nationwide.

48.

Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of the fact, that its conduct was prohibited by the FLSA.

49.

AF Group has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find AF Group did not act

willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

50.

As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, AF Group is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

51.

Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statue of limitations to be applied to Defendant's violations is a three-year period.

52.

Defendant's failure to pay Plaintiff for time worked during lunch periods where Plaintiff did not have an uninterrupted 30-minute period where no work was performed, constitutes a violation of the minimum wage provisions of the FLSA.

53.

Plaintiff worked out of his home office but was required to travel to customer locations in order to conduct premium audits.

54.

Plaintiff was not compensated for travel time including travel at the beginning or end of workday where the travel benefitted defendant, travel to locations throughout Georgia away from Plaintiff's home office, travel involving calls to clients while driving, extraordinary travel time within the state of Georgia, overnight travel away from Plaintiff's home, or travel during which work was actually performed by Plaintiff.

55.

Defendant failure to pay Plaintiff for all time worked, and its failure to pay Plaintiff for all time worked in excess of forty-hours in a single work week at the proper overtime rate, constitutes a violation of the overtime provisions of the FLSA.

56.

Defendant was aware of its duty to comply with the FLSA during the times of Plaintiff's employment with Defendant.

57.

Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statute of limitations to be applied to Defendant's violations is a three-year period

## COUNT II
## BREACH OF CONTRACT

58.

Plaintiff incorporates by reference as if fully restated here, the preceding Paragraphs of Plaintiff's Complaint.

59.

Defendant's failure to pay Plaintiff for lunch periods when she performed work that Defendant knew or should have known was performed by Plaintiff during the 30-minute lunch period, constitutes a breach of contract by Defendant of an agreement to pay Plaintiff for all time worked at an agreed hourly rate

consistent with FLSA regulations regarding when meal and break periods are not paid time.

60.

Plaintiff is entitled to recover from Defendant breach of contract damages at her agreed hourly rate for all lunch periods where the lunch period was not an uninterrupted 30-minute period.

**PRAYER FOR RELIEF**

61.

Wherefore, Plaintiff Nathaniel Russell requests a jury trial and damages in the form of (1) an award of award of back pay for unpaid time for Defendant's breach of contract, and (2) for violations of the FLSA: unpaid work time in violation of the minimum wage, unpaid overtime, an award of liquidated damages in an equal amount, and an award of attorney's fees and costs.

Submitted this  4th  day of    August   , 2020.

*s/ Donald W. Benson*
Donald W. Benson Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com
***COUNSEL FOR PLAINTIFF***

# ***CERTIFICATE OF COUNSEL***

Pursuant to Local Rule 7.1, the undersigned attorney certifies that this motion was prepared with Time New Roman (14 point), one of the fonts and point selections approved by the Court in Local Rule 5.1C.

*s/ Donald W. Benson*
Donald W. Benson Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Rd. Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com

**COUNSEL FOR PLAINTIFF**